Ms. Becky Del Rio, MA, CCC-A/SLP, Chair Arkansas Board of Examiners in Speech-Language Pathology Audiology 101 E. Capitol, Suite 211 Little Rock, AR 72201
Dear Ms. Del Rio:
You have presented the following question for my opinion:
 Should the Arkansas Board of Examiners in Speech-Language Pathology 
Audiology pursue possible violations of the Board's governing law or rules and regulations by a person who is licensed by the Board, but who is practicing at a facility where state licensure is not required?
You explain that under A.C.A. § 17-100-104(4)(A), a person who holds a valid and current certificate as a speech therapist or speech-language pathologist, issued by the Department of Education, is exempt from holding state licensure when practicing in the public school system.
RESPONSE
It is my opinion that the Arkansas Board of Examiners in Speech-Language Pathology Audiology should pursue possible violations of the Board's governing law or rules and regulations by any person who is licensed by the Board, even if that person is practicing at a facility in which the person is not required to be licensed, such as a public school.
Although A.C.A. § 17-100-104(4)(A) exempts an individual from licensure when practicing in a public school system if he or she holds a valid and current certificate as a speech therapist or a speech-language pathologist, issued by the Department of Education, the statute also states:
(C) The person may additionally elect to be subject to this chapter[.]
A.C.A. § 17-100-104(4)(C).
A person who has applied for and received a license from the Board has elected to be subject to all of the requirements of being licensed, including all of the requirements of A.C.A. § 17-100-101 through -308, and all rules and regulations that are promulgated by the Board. As long as the person maintains the license, he or she remains subject to those laws, rules, and regulations. The statute setting forth the Board's power to deny, suspend, or revoke a license or to impose other discipline upon licensees, A.C.A. § 17-100-307, includes no statement of exemption from these disciplinary measures for licensees who are practicing in a setting in which a license is not required. No other provision of law creates such an exemption. In addition, the Board's rules and regulations state:
 5.4 Pursuant to § 17-100-107, the Board will take legal action against any person not licensed by the Board, or any licensee who engages in the practice of speech-language pathology or audiology as herein defined in violation of state law and rules and regulations of this Board.
Rules And Regulations of the State Board of Examiners in Speech-Language Pathology and Audiology, § 5.4. This rule states no exemption for any licensee, nor does any other rule or regulation that has been promulgated by the Board. In order for a licensed person to avoid the Board's authority, he or she must cease to be licensed by the Board, either by allowing the license to lapse, or by surrendering the license.
Accordingly, I must conclude that a person who is licensed as a speech therapist or speech-language pathologist is subject to all disciplinary actions that the Board is empowered to pursue, regardless of the fact that the licensee may be practicing in a public school, where licensure is not required. By electing to become licensed, the person has voluntarily submitted to regulation by the Board. By maintaining the license, the person in essence agrees to continue to be subject to the Board's authority.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General